## CHIPLEY v. GREEN ET AL.

**1. APPELLATE PRACTICE.**

A verdict rendered upon conflicting evidence is conclusive of the facts upon review.

**2. DEPOSITIONS—STIPULATION.**

The statute requires a deposition to be signed by the witness, but this requirement may be waived by the stipulation of counsel.

**3. SAME.**

Parties stipulated with respect to the taking of a deposition that " the caption and all formalities are expressly waived." The signature of the witness occurred on the last page but one of the document. The notary certified that after completion of the deposition, the questions put and answers given were read to the witness, who subscribed the deposition in his presence and swore to it on the date named. *Held*, that the irregularity as to the signature was waived by the stipulation.

**4. IMMATERIAL ERROR.**

Although a single instruction may be subject to criticism, it will not constitute reversible error if the charge, taken as a whole, is an accurate statement of the law which controls the case.

*Error to the District Court of Pueblo County.*

Mr. J. E. RIZER, for plaintiff in error.

No appearance for defendants in error.

BISSELL, J., delivered the opinion of the court.

This litigation grew out of a real estate transaction which originated in Pueblo. Dr. Hull and his wife held property in that city, in a locality where Chipley was interested, or in which he was dealing at the time of this occurrence. Chipley entered into negotiations with Mrs. Hull and the doctor looking to the purchase of the lots. Almost concurrently with the commencement of his negotiations, he approached Green with reference to the trade. The principal issue concerns the initiation of the transaction. Chipley insists he

was a broker, who started the trade with Dr. Hull and his wife, ultimately bought the property on his own account for $5,000, and sold it to the defendants in error for $5,500.   At all events the trade was made.   The defendants in error paid the $5,500, of which $5,000 was turned over to the doctor and his wife, and the other $500 kept by Chipley.   Green and his copurchasers did not learn until about a year afterwards of the difference between what they paid and the price charged by the Hulls.   On acquiring this information they brought the present suit to recover the $500, alleging Chipley was their agent, acting in a friendly way when he called their attention to the property and bought it for them, and had no right to keep the $500 for his own benefit.   To make this matter quite plain, it is perhaps better to state the only issue which Chipley tendered was in denial of the plaintiffs' claim, asserting his position as a broker and insisting on his right to deal with the parties at arms' length.   He made no claim in his answer that he was entitled to any compensation for his services.   Thus the naked question remains whether Green and his copurchasers had a right to recover.   During the pendency of the suit, the plaintiffs took the deposition of Mrs. Hull in Pueblo.   This being the county in which the cause was pending and where it was to be tried, certain statutory steps were prerequisite to the inception of the right to thus take Mrs. Hull's testimony.   The parties stipulated that " the caption and all formalities are expressly waived."   Acting under this authority, the deposition was taken.   One of the errors relied on is based on the form of it.   The statute provides that a deposition taken under these circumstances must be subscribed by the witness.   By some sort of a slip, the signature of the witness occurred on the last page but one of the document.   It was typewritten on one side of the paper, and apparently the wrong sheet was subscribed.   The notary, however, who attested the deposition, expressly certifies that after it had been completed the questions put and the answers given were read to the witness, Mrs. Hull, who subscribed the deposition in his presence and swore to it on the

date named.   There was no motion to suppress it before the trial, but on the hearing counsel moved to exclude the eleventh and twelfth interrogatories and answers because they were not signed by the witness.

Only three errors are relied on by the plaintiff in error to reverse the case.   The chief one concerns the sufficiency of the evidence to support the verdict.   Counsel seeks to avoid the force and effect of the well recognized rule concerning the conclusiveness of the verdict of the jury on all matters of fact involved in the case on the ground that there was no evidence on which the jury could predicate their finding that Chipley was in reality the agent of the plaintiffs in negotiating the sale.   We cannot assent to this contention.   There was very much evidence on both sides concerning this proposition and all the parties gave their different versions of the transaction.   However unsatisfactory the testimony may be, so long as the parties took issue on this one vital question and supported their affirmations and denials by proof, we must accept the finding of the jury.   It was the only issue tried,—the only one towards which any testimony was directed.   The evidence is in hopeless conflict on the question, and the jury was the arbiter between the parties.   We cannot but accept their verdict, and in accepting it, hold the error based on the insufficiency of the evidence to be not well laid.

The defect in the deposition would of necessity be fatal, since there was a failure to comply with the absolute requirement of the statute, but for the stipulation.   This was sufficiently broad to cure this formal defect when the paper is examined in the light of the certificate of the notary, to the effect that the questions and answers were read and sworn to by the witness.   The necessity for a signature is statutory and it was entirely within the province of counsel to waive any of the statutory prerequisites.   We think this matter was within the contemplation of counsel when they signed their agreement and we must hold them bound by its terms. We are expressly inclined to this conclusion because the case

has been twice tried, and in the absence of a compelling necessity a third trial should not be permitted because of some technical error, which does not affect the merits of the controversy. But for our conclusion respecting the scope and effect of the stipulation, we might have been compelled to inquire whether it was not incumbent on the defendant to move to suppress the deposition prior to the hearing that the parties might have an opportunity to retake the evidence of Mrs. Hull. The force of this suggestion will become very apparent when it is stated the witness has since died, and if the evidence is rejected it cannot be again procured. The circumstances do not incline us to a favorable consideration of this alleged error.

The only other question discussed in the brief of counsel is based on one of the instructions which the court gave respecting Chipley's alleged agency. Taken by itself it might be the subject of criticism. Its apparent inaccuracy is insufficient to justify a reversal. It would be profitless to set out the instruction criticised and justify it by a reference to the other parts of the charge. We could not deduce therefrom any general principle which would be useful to the profession, and it would unnecessarily prolong the opinion, because it would require a statement of the entire charge or the substance of it to disclose the basis of our conclusion. The jury were very carefully instructed respecting the issue between the parties, and taken as a whole the charge is an accurate, fair and well considered statement of the law which controls the case. We discover nothing in it which compels us to disturb the judgment.

Finding no errors in the record of sufficient gravity to necessitate the reversal of the judgment, it will be affirmed.

.*Affirmed.*